## UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

AURORA OIL & GAS CORPORATION,

      Debtor.

_____/

Case No. DT 09-08254
Chapter 11
Hon. Scott W. Dales

In re:

HUDSON PIPELINE & PROCESSING
CO., LLC,

      Debtor.

_____/

Case No. DT 09-08255
Chapter 11

Jointly Administered


## SUPPLEMENTAL OPINION REGARDING
## MOTIONS AND CLAIM OF HOCKNEY & ASSOCIATES


On January 5, 2009, the court heard argument on two motions filed by Glenn Hockney, purportedly as agent of Hockney & Associates, on October 23, 2009.  The first motion (the "Natural Person Motion," DN 403) seeks "to declare Aurora Oil & Gas Corporation is not a natural person having no rights in this Bankruptcy Court as for Chapter 11, since it has no voice or standing." The second motion (the "Involuntary Bankruptcy Motion," DN 402), seeks "to declare Involuntary Bankruptcy Aurora Oil & Gas Corporation for Taking Property Without Compensation or Payment Involvement of Two Negotiable Instruments Three People Owning Them and Hockney & Associates having for power to protect them."  For convenience, the court will refer to the Natural Person Motion and the Involuntary Bankruptcy Motion as the "Motions."  The Debtors and the Committee opposed both Motions.  In addition, the court heard

argument on the Debtors' objection to Hockey & Associates Proof of Claim No. 247 (the "Objection to Claim," DN 493).

At the hearing, Mr. Hockney appeared and offered argument in support of his Motions and in opposition to the Objection to Claim.  The court also considered Debtors' arguments and the Affidavit of William W. Deneau in Support of Debtors' Objection To Proof Of Claim No. 247 Filed By Hockney & Associates ("Deneau Affidavit," DN 493-1).  <u>See</u> Fed. R. Bankr. P. 9017 (incorporating, *inter alia*, Fed. R. Civ. P. 43(c)).  Although expressing doubt about Mr. Hockney's ability to speak for Hockney & Associates, the court listened to Mr. Hockney and attempted to divine the basis for the Motions and for the Hockney & Associates's Proof of Claim.

Mr. Hockney reported that the "government" took his land in North Carolina in the 1990s without compensation, and that even though the Debtors were not involved in this appropriation, they are somehow linked to the confiscation, presumably through the two supposed judgments attached to the Proof of Claim (the "Supposed Judgments") upon which his claim seems to depend.   He confirmed that he tendered the Supposed Judgments as payment for rights under a lease acquisition and participation agreement (the "Agreement") on December 14, 2002.  In his affidavit, Mr. Deneau confirms the tender of these Supposed Judgments, but contends that after conferring with counsel (closer in time to the Agreement), the Debtors concluded that the Supposed Judgments were without value and did not comply with the payment requirement of the Agreement.

The court reviewed the Supposed Judgments and relevant portions of the record, and after interrogating Mr. Hockney, concluded that the Supposed Judgments were simply unilateral

declarations, similar to other fanciful government-protest documents the court has encountered, without legal meaning or effect.  In any event, they did not appear to qualify as the cash payment contemplated in the Agreement or otherwise support any claim against the Debtors' or their estates.

Hockney & Associates had the burden of proof on the Motions and, after the Debtors rebutted the *prima facie* effect of its filing under Fed. R. Bankr. P. 3001(f), the creditor had the burden of proof with respect to its claim.  The court finds that with respect to the Motions and the Objection to Claim, Hockney & Associates failed to meet its burden of proof. Despite its best effort, the court is at a loss to understand precisely what relief the Natural Person Motion and Involuntary Bankruptcy Motion propose.  Moreover, the court was not satisfied that Mr. Hockney could represent Hockney & Associates.[1]  Finally, because the court accepts the Deneau Affidavit under Fed. R. Civ. P. 43(c), it has determined to deny the Motions and sustain the Objection to Claim.

Because the court anticipates an appeal of this decision, the court believes it is prudent to offer this opinion to supplement its bench ruling. The court will sign the separate orders prepared by Debtors' counsel with respect to the Motions and the Objection to Claim.

[1] The court encouraged Mr. Hockney to retain counsel, but he is apparently unwilling or unable to do so.

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: January 11, 2010**